**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JENNIFER CHAFFEE,

                                  Plaintiff,                5:22-cv-1077 (BKS/ML)

v.

SYRACUSE CITY SCHOOL DISTRICT and
FRANKLIN ELEMENTARY SCHOOL,

                                  Defendants.

---

**Appearances:**

*Plaintiff pro se*
Jennifer Chaffee
Syracuse, NY 13209

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Jennifer Chaffee commenced this proceeding under 42 U.S.C. § 1983, and sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 2, 8). This matter was referred to United States Magistrate Judge Miroslav Lovric who, on April 3, 2023, granted Plaintiff's application to proceed IFP, and on September 15, 2023 issued a Report-Recommendation, recommending that Plaintiff's complaint be dismissed with leave to replead. (Dkt. Nos. 9, 12). Plaintiff was informed that she had fourteen days within which to file written objections to the report under 28 U.S.C. § 636(b)(1), and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 12, at 8–9). The Report-Recommendation was mailed to Plaintiff at her last known address but was returned as undeliverable. (Dkt. No. 13).

Plaintiff has not provided an updated address. No objections to the Report-Recommendation have been filed.

## II. DISCUSSION

Local Rule 10.1(c)(2) states, in relevant part: "All . . . pro se litigants must immediately notify the Court of any change of address. Parties must file the notice of change of address with the Clerk and serve the same on all other parties to the action. The notice must identify each and every action to which the address shall apply." N.D.N.Y. L.R. 10.1(c)(2). The Local Rules further state that a pro se litigant's "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b). "For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the Court informed of address changes." *Hill v. Donelli*, No. 05-cv-1245, 2008 WL 4663364, at *1, 2008 U.S. Dist. LEXIS 110595, at *3 (Oct. 20, 2008). In *Dansby v. Albany County Correctional Staff*, the court observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

No. 95-cv-1525, 1996 WL 172699, at *1, 1996 U.S. Dist. LEXIS 4782, at *2 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (citations omitted).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See, e.g.*, *Benitez v. Taylor*, No. 13-cv-1404, 2014 WL 7151607, at *3, 2014 U.S. Dist. LEXIS 173327, at *6 (N.D.N.Y. Aug. 7, 2014)

2

(recommending dismissal of the complaint for failure to prosecute under L.R. 10.1(c)(2) and Fed. R. Civ. P. 41(b), explaining that "[s]ince there is no way to contact or locate Benitez, the imposition of a lesser sanction[] would be futile"), *report and recommendation adopted*, 2014 WL 7151607, 2014 U.S. Dist. LEXIS 172553 (N.D.N.Y. Dec. 15, 2014); *Rosa v. Keiser*, No. 10-cv-1313, 2012 WL 2178961, at *1, 2012 U.S. Dist. LEXIS 82528, at *3 (N.D.N.Y. May 14, 2012) (recommending dismissal of former inmate's action for failure to notify the Court of current address), *report and recommendation adopted*, 2012 WL 2178933, 2012 U.S. Dist. LEXIS 81886 (N.D.N.Y. June 13, 2012).

The Court will, however, provide Plaintiff an additional fourteen days to notify the Court of her current address and file objections, if any, to the Report-Recommendation.

### III.   CONCLUSION

Accordingly, it is

**ORDERED** that Plaintiff is granted fourteen (14) days from the date of this Memorandum-Decision and Order to file her current address and objections, if any, to the Report-Recommendation; and it is further

**ORDERED** that if Plaintiff fails to comply with this Memorandum-Decision and Order, the Court will consider the Report-Recommendation unopposed and review for clear error only. *See Glaspie v. N.Y.C. Dep't of Corr.*, No. 10-cv-188, 2010 WL 4967844, at *1, 2010 U.S. Dist. LEXIS 131629, at *2–3 (S.D.N.Y. Nov. 30, 2010) (explaining that when no objections to a report-recommendation are made, "the Court may adopt [it] if 'there is no clear error on the face of the record.'" (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005))); and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order as well as the Report-Recommendation on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 7, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge